A97A1136. SECURITY LIFE INSURANCE COMPANY v. CLARK et al.
(521 SE2d 434)

BARNES, Judge.

In *Clark v. Security Life Ins. Co.,* 270 Ga. 165 (509 SE2d 602) (1998), the Supreme Court reversed our decision in *Security Life Ins. Co. v. Clark,* 229 Ga. App. 593 (494 SE2d 388) (1997), in which we reversed the judgment of the trial court. Accordingly, we must conform that decision to our Supreme Court's opinion in this case.

In reversing our prior decision, our Supreme Court expressly stated,

we conclude that the trial court *did not err in submitting the*

> *issue of vicarious liability to the jury.* There was some evidence from which the jury could conclude that Security Life recklessly tolerated the forgery by not investigating the charge of forgery and by pressing its rescission claim long after learning that Fipps forged the application.

(Emphasis supplied.) *Clark v. Security Life,* supra, 270 Ga. at 168 (2).

Further, even though the Supreme Court recognized that "the failure to file the policy, standing alone, cannot serve as a basis for liability under [the Racketeer Influenced & Corrupt Organizations Act]," *Clark v. Security Life,* supra, 270 Ga. at 168 (3), it also stated immediately thereafter, "This conclusion, however, does not preclude a plaintiff from establishing a RICO claim through proof of an insurance fraud scheme if that scheme as a whole meets the definition of racketeering activity under OCGA § 16-14-3 (9)." Id.

Consequently, the Supreme Court's holding that the trial court properly submitted to the jury the issue of vicarious liability under RICO and its holding that RICO liability may be based on an insurance fraud scheme that meets the definition of racketeering activity under OCGA § 16-14-3 (9) require us to affirm the judgment of the trial court. Otherwise, Divisions 2 and 3 of the Supreme Court's opinion would be merely advisory. To the extent that this result conflicts with Division 1 (c) of our original opinion which was not addressed directly by the Supreme Court, Division 1 (c) must yield to the Supreme Court's decision. *Atlanta Journal &c. v. Long,* 259 Ga. 23, 24 (1) (376 SE2d 865) (1989).

Further, because the Supreme Court's decision requires us to affirm the trial court's judgment, we cannot address the other errors enumerated by Security Life. If the Supreme Court intended for this court to do otherwise, it would have reversed our opinion and remanded the case to us with direction. See, e.g., *Roberts v. Burke County School Dist.,* 267 Ga. 665, 668 (482 SE2d 283) (1997) ("The case is remanded to the Court of Appeals for action consistent with this opinion."); *Coleman v. Columns Properties,* 266 Ga. 310, 312 (467 SE2d 328) (1996) ("Accordingly, the judgment of the Court of Appeals cannot stand, and the case is remanded for consideration consistent with this opinion."). Because the Supreme Court did not issue such direction in this case, our obligation is to carry out the decision of the Supreme Court.

The disposition proposed by the dissent cannot be adopted because it conflicts with the Supreme Court's decision, and under our law we cannot overrule, modify, or deviate from our Supreme Court's decisions: "The decisions of the Supreme Court shall bind all other courts as precedents." Ga. Const. of 1983, Art. VI, Sec. VI, Par. VI. "The rule is also required by the Georgia Code, which states that 'any

ruling by the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court. . . .' OCGA § 9-11-60 (h)." *Atlanta Journal &c. v. Long*, supra, 259 Ga. at 24 (1). Here, the effect of the dissent would be to reach a result that is not authorized by the Supreme Court's opinion in this case.

Accordingly, Division 1 (a), (c), and (d), to the extent it is inconsistent with the Supreme Court's opinion, and the judgment of our earlier opinion are vacated, our Supreme Court's opinion and judgment are made the judgment of this court, and the judgment of the trial court is affirmed. Divisions 1 (b) and 2 of our earlier opinion are not affected by this decision.

*Judgment affirmed. Johnson, C. J., and Eldridge, J., concur. Pope, P. J., concurs in the judgment only. Andrews, P. J., Blackburn, P. J., and Ruffin, J., dissent.*

ANDREWS, Presiding Judge, dissenting.

I must respectfully dissent from the majority's opinion which affirms a judgment on a RICO claim against Security Life Insurance Company.

1. In light of the Supreme Court's opinion, which affirmed in part and reversed in part our decision, and the law of the case as established in the remaining portions of our original opinion, that claim is now based *solely* upon the act of agent Fipps in forging the Clarks' application for health insurance which was then submitted by Fipps to Security and Security's later wrongful rescission of the insurance. The extensive record below and the transcript of the trial show unequivocally that the criminal acts relied upon and proven by the Clarks in order to show a "pattern of racketeering activity" were the forgery by Fipps and a series of regulatory and misdemeanor insurance law violations by Security in establishing the Insight Answer insurance plan. As set out by the Clarks in their outline of the case contained in the pretrial order pursuant to which the case was tried,

> Mr. and Mrs. Clark claim that Security Life Insurance Company devised a *scheme to defraud them and others and executed that scheme by unlawfully selling a life, accident and health insurance policy to them which had not been approved by the Georgia Insurance Commissioner's office.* They further claim that Security Life Insurance Company agents[1] John Fipps . . . *falsified their application for insurance and forged their signatures* to it before they submitted it to Security Life Insurance Company requesting coverage

---

[1] The second agent is no longer a party to this case.

under an insurance plan known as Insight Answer. After an insurance certificate was issued to Mr. and Mrs. Clark . . . they cancelled their prior insurance coverage. . . . [T]he Plaintiffs claim that Security Life Insurance Company [then] wrongfully rescinded their insurance coverage.

(Emphasis supplied.)

The Supreme Court granted a writ of certiorari specifically addressed to the subject matter of Divisions 1 (a) (judicial notice of acts of the insurance commissioner), (b) (failure to file the policy with the commissioner and other insurance code and regulatory violations as predicate acts), and (d) (vicarious liability of Security for Fipps' forgery) of *Security Life Ins. Co. v. Clark*, 229 Ga. App. 593 (494 SE2d 388) (1997). See *Monteith v. Story*, 255 Ga. 528, 529 (341 SE2d 1) (1986); *Rives v. Atlanta Newspapers*, 111 Ga. App. 6 (2) (140 SE2d 304) (1965).

In *Clark v. Security Life Ins. Co. &c.*, 270 Ga. 165 (509 SE2d 602) (1998), the Supreme Court held, regarding Division 1 (a), that this Court had improperly taken judicial notice of a purported filing with the Georgia Insurance Commissioner and, regarding Division 1 (d), had applied the incorrect standard in considering whether the trial court properly submitted to the jury the issue of vicarious liability of Security for the acts of Fipps, its agent, in falsifying and forging the Clarks' application for insurance. The Supreme Court concluded that the proper standard was that of vicarious criminal liability, not the vicarious tort liability standard which had been applied by this Court. The Supreme Court found that there was some evidence that "Security Life recklessly tolerated the forgery by not investigating the charge of forgery and by pressing its rescission claim long after learning that Fipps forged the application," thereby justifying submitting the issue of Security Life's vicarious criminal liability *for the forgery* to the jury. *Clark*, 270 Ga. at 168 (2). Such a conclusion does not, however, as held by the majority, mandate reinstitution of the verdict and judgment for the Clarks on their RICO claim which required proof of a "pattern of racketeering." One act of forgery does not make a pattern, and the Supreme Court did not say that it did.

While Divisions 1 (a) and (d) of our original opinion are vacated pursuant to *Clark*, supra, as correctly held by the majority, Division 1 (b) (failure to file the policy with the commissioner and other insurance code and regulatory violations as predicate acts) as affirmed by the Supreme Court is binding and compels the conclusion that the Clarks failed to prove the two requisite predicate acts. Division 1 (c) (failure of the Clarks to show proximate cause), which was not addressed by the Supreme Court, remains the law of the case. *Ford v. Uniroyal Goodrich Tire Co.*, 270 Ga. 730 (514 SE2d 201) (1999); *Dicks*

*v. Zurich American Ins. Co.*, 231 Ga. App. 448 (499 SE2d 169) (1998).

Therefore, in my opinion, the judgment of the trial court entered on the Clarks' RICO claim must be reversed because the Clarks failed to prove a RICO claim as a matter of law; Security moved for a directed verdict on this basis; and it should have been granted as a matter of law. *Clark*, supra. This matter should be remanded to the trial court with direction that judgment be entered in favor of Security Life on the RICO claim.

Additionally, Security's motion for directed verdict specifically included as a ground that, even if there had been any other proof of acts which would constitute predicate acts under RICO,[2] there was no proof of the causation required to be shown between those acts and harm to the Clarks, as fully discussed in Division 1 (c) of our original opinion, and Security was legally entitled to judgment. Division 1 (c) does not, as erroneously stated by the majority, have to "yield" to the Supreme Court since the Supreme Court did not in any way address the issue discussed therein; Division 1 (c) is in no way inconsistent with the Supreme Court's opinion; and Division 1 (c) remains the law of the case. *Ford*, supra; *Dicks*, supra.

The majority's reliance on obiter dicta of the Supreme Court's Division 3 of *Clark*, supra, for affirming the judgment is disingenuous at best.

The Supreme Court held that:

> Violations of the insurance code, which are misdemeanors, [OCGA § 33-1-7], are not included in this definition [of "racketeering activity," OCGA § 16-14-4], and we decline to broaden the legislative definition of prohibited activities. Therefore, the court of appeals was correct in holding that the failure to file the policy, standing alone, cannot serve as a basis for liability under RICO. This conclusion, however, does not preclude a plaintiff from establishing a RICO claim through proof of an insurance fraud scheme if that scheme as a whole meets the definition of racketeering activity under OCGA § 16-14-3 (9).

---

[2] We note that, in light of the Supreme Court's footnote 11 of Division 2, proving a RICO violation against the corporation would be problematic at best because RICO is not a statute by which the legislature intended to impose criminal liability upon a corporation and there was no proof of any acts of directors or managerial officials of Security which constituted a crime chargeable by indictment pursuant to OCGA § 16-14-3 (9) (A). *Cobb County v. Jones Group*, 218 Ga. App. 149, 153 (3) (460 SE2d 516) (1995). In addition to the insurance code and regulatory violations, which the Supreme Court found were not predicate acts, the *only* predicate act proven was Fipps' forgery. One incident of racketeering does not prove a RICO violation, even if legally attributable to the corporation. OCGA § 16-14-3 (8).

(Footnotes omitted.) *Clark*, 270 Ga. at 168 (3).

As reflected by the pretrial order quoted supra, the only illegalities claimed by the Clarks in addition to the forgery of Fipps were those misdemeanor insurance code violations which were held not to provide a basis for RICO liability. In this case, the only judgment being considered by this Court and the Supreme Court, the Clarks failed to show an insurance fraud scheme as part of a RICO scheme or any other predicate act and failed to prove that any such scheme proximately caused their damages. That some other plaintiff in some other case on some other day might be able to show an insurance fraud scheme as racketeering activity does not assist the Clarks and is obiter dictum as to the judgment being reviewed. The statement was not necessary to the holding and was not supported by authority, *Davis v. State*, 266 Ga. 212 (465 SE2d 438) (1996), constituted no ruling on the issue, *Veal v. Barber*, 197 Ga. 555, 560 (1) (30 SE2d 252) (1944), and is not binding on this Court. *Peacock v. Peacock*, 196 Ga. 441, 449 (26 SE2d 608) (1943); *Glisson v. Hosp. Auth. of Valdosta &c.*, 224 Ga. App. 649, 652 (481 SE2d 612) (1997).

2. Additionally, the Supreme Court's opinion did not address Division 2 of our original decision, dealing with the trial court's direction of a verdict for the Clarks on their wrongful interference with property rights claim. *Security Life Ins. Co. v. Clark*, supra, 229 Ga. App. at 603 (2). Therefore, the most to which the Clarks are entitled on that claim is a new trial.

3. Security Life's seventh enumeration of error was also meritorious because awarding the total face value of the Clarks' insurance policies as damages on the RICO claim or the interference with property rights claim was error. See *Walker v. Grand Intl. Brotherhood of Locomotive Engineers*, 186 Ga. 811, 820 (199 SE 146) (1938); *Brothers &c. of Charity v. Renfroe*, 57 Ga. App. 646, 653 (4) (196 SE 135) (1938); *Prudential Ins. Co. &c. v. Ferguson*, 51 Ga. App. 341, 345 (180 SE 503) (1935).

At trial, the only damages proven by either Clark as a result of the forged application and later wrongful rescission of their coverage was that, as of February 1996, Mr. Clark had submitted to Security claims in the amount of $62,330.41 which had not been paid. Mrs. Clark did not testify at the trial, and there is *no* evidence of any damages suffered by her as a result of these acts.

I am authorized to state that Presiding Judge Blackburn and Judge Ruffin join in this dissent.

DECIDED JULY 30, 1999 —
RECONSIDERATION DENIED AUGUST 24, 1999 ▮▮▮▮▮▮

*Sutherland, Asbill & Brennan, William D. Barwick, Teresa W.*

*Roseborough, Robert J. Neis, Amelia T. Rudolph*, for appellant.

*Gregory, Christy & Maniklal, Hardy Gregory, Jr., Preyesh K. Maniklal, William S. Stone, Kevin R. Dean*, for appellees.

*Thurbert E. Baker, Attorney General, Brenda H. Cole, Deputy Attorney General, Harold D. Melton, Alan Gantzhorn, Senior Assistant Attorneys General, Beckmann & Pinson, William H. Pinson, Jr., Goldner, Sommers, Scrudder & Bass, Henry E. Scrudder, Jr., Morris, Manning & Martin, Lewis E. Hassett, Bovis, Kyle & Burch, Steven J. Kyle, Love & Willingham, Allen S. Willingham, Jones, Cork & Miller, Thomas C. Alexander, Duncan & Mangiafico, George E. Duncan, Jr., Douglas Campbell & Associates, Douglas N. Campbell, Edward H. Nicholson, Jr.*, amici curiae.